UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
S.A. a minor child by his legal parent, Madeline
Sandoval,

                                Plaintiffs,

-against-

THE CITY OF NEW YORK and NEW YORK
CITY DEPARTMENT OF EDUCATION,
MICHELLE DICKERSON, and KATHLEEN
POSA

                                Defendants.
-------------------------------------------------------------X

CIVIL ACTION NUMBER

**COMPLAINT**

**JURY TRIAL DEMANDED AS
TO DAMAGES**

Plaintiff S.A., a minor child by his legal parent, Madeline Sandoval, brings this action against the above-named Defendants, to redress the severe assault S.A. endured while attending P.S. 177Q and continues to endure at while attending P.S. 177Q in violation of his federal and state rights. The Plaintiff asserts as follows:

## PRELIMINARY STATEMENT

1. This action is brought by S.A. a current student of P.S. 177Q within the above-named Defendants' school district.

2. S.A. is a young boy diagnosed with a disability whom requires a full-time Special Class setting and counseling services.

3. As a current student of the above-named Defendants, S.A. suffered, and continues to suffer, discrimination based on his disability, physical attacks, harassment, and bullying by an aggressing student at P.S. 177Q and an aggressing student at P.S. 177Q. With knowledge of same, school authorities failed and continue to fail to take appropriate action to protect S.A.

4.   As a result, S.A. was deprived and continues to be deprived of his full and equal educational experience. S.A. now brings this action to vindicate his constitutional and statutory rights the Defendants violated.

5.   The harassment that S.A. endured and continues to endure was severe and pervasive and caused and continues to cause physical and psychological injuries.

6.   On or about September 9, 2016 and continuing through October 7, 2016, S.A. was lawfully and legally a passenger on school bus, when he was continuously assaulted by another student.

7.   The above mentioned acts occurred on school grounds, during school hours and on the school bus. S.A. and/or his mother reported these incidents of harassment and physical attacks to school officials, including teachers, principals, assistant principals, secretaries, the School District Superintendents, and the family advocate of the Board of Education.

8.   Some of these incidents occurred in plain view of school officials and during times when S.A.'s paraprofessional should have been accompanying him but failed to observe or be present for the discrimination, harassment, and physical attacks. The most recent incident happened in the presence of the bus matron and the driver who did nothing after the incident and whom continued to hear the threat being made to S.A.

9.   Contrary to their obligations as school officials entrusted with the safety, protection and education of all students, Defendants ignored (and continue to ignore), minimized (and continue to minimize), dismissed (and continue to dismiss) and acted (and continue to act) with deliberate indifference to the discrimination and harassment endured by S.A.

10. Defendants' inaction(s) substantially contributed (and continue to contribute) to the hostile environment S.A. faced (and continues to face) and exacerbated (and continues to

exacerbate) the racial harassment of S.A. Defendants failed to properly and adequately train staff to address and prevent the harassment, to educate students about District policies and in enforcing the Student Code of Conduct. Defendants continue to do so today.

11. Similarly, Defendants failed to properly and adequately train and supervise S.A.'s paraprofessional aide at P.S. 177Q. The aide was continuously allowed to be absent from S.A.'s side and to be remiss in her supervision of S.A. without any repercussions or discipline.

12. As a result of the attacks and harassment, S.A. has suffered depression, hopelessness, trouble with concentration, nervousness, anxiety, worrying, restlessness, nightmares, is on guard, watchful and easily startled.

13. On December 2, 2016, a timely filed Notice of Claim was served upon Defendants prior to the commencement of this action.

14. More than thirty (30) days have elapsed since said Notice of Claim was served upon Defendants.

15. S.A.'s mother, Madeline Sandoval, gave testimony at a hearing pursuant to New York State General Municipal Law § 50h. The hearing took place on February 22, 2017.

16. This action was commenced within one year and ninety days as required by statute.

17. All conditions precedent to bringing this action against the Defendants has been complied with.

18. Accordingly, S.A. seeks compensatory and punitive damages to remedy the Defendants' violations of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, violations of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, violations of § 504 of the Rehabilitation Act, violations of Title II of the Americans

with Disabilities Act, violations of § 40-c and 40-d of the New York Civil Rights Law, negligent supervision, intentional infliction of emotional distress, negligent infliction of emotional distress, past pain and suffering.

## PARTIES

**Plaintiffs**

19. Plaintiff, Ms. Madeline Sandoval, is the mother of S.A. and resides with S.A. at 452 Bunker Drive, Oceanside, New York 11572.

20. Plaintiff's son, S.A., is a thirteen (13) year old boy who attended New York Geographic District #75 within the control of the New York City Department of Education for the School year of 2016-2017. S.A. is a natural person and a citizen of the City of New York.

**Defendants**

21. At all times relevant to this action, Defendant New York City Department of Education (hereinafter "NYCDE") was and is an entity residing on Chambers Street, New York, NY 10007. Defendant NYCDE exists pursuant to the New York Education Law and is an independent public school Department of Education covering Nassau, Brooklyn, Manhattan, Queens and the Bronx, New York. Upon information and belief, Defendant NYCDE and each of its component schools are recipients of federal financial assistance.

22. At all relevant times to this action, Defendant New York City Geographic School District #75 (hereinafter "School District" or "District") is an education corporation and association existing pursuant to the New York Education Law, and is an independent public

school district covering Nassau County. The School District is a "person" within the meaning of 42 U.S.C. § 1983.

23. Upon information and belief, the School District and each of its component schools are recipients of federal financial assistance. P.S. 177Q is one of the schools located within the District.

24. At all relevant times to this action, Defendant New York City Board of Education (hereinafter "School Board" or "The Board") is a board of education within the meaning of N.Y. Educ. Law § 1804 and manages the School District. The School Board is a "person" within the meaning of 42 U.S.C. §1983. Upon information and belief, the Board receives federal financial assistance.

25. Defendant Kathleen Posa (hereinafter "Principal Posa" or "Ms. Posa"), sued both in her individual and official capacities, is the current Principal of the School. Upon information and belief, she has held this position at all times that S.A. has been enrolled within the District. As Principal, she holds policymaking authority for the School with respect to day-to-day enforcement of the Student Code of Conduct, Student's Bill of Rights, and anti-bullying policies within the School district. As Principal, Ms. Posa has the ability and authority to take corrective action on behalf of the School to stop discrimination and harassment. Ms. Posa is a natural person and upon information and believe resides in the State of New York.

26. Defendant Michelle Dickerson (hereinafter "Assistant Principal Dickerson" or "Ms. Dickerson"), sued both in her individual and official capacities, is the current Assistant Principal of the School. Upon information and belief, she has held this position at all times that S.A. has been enrolled within the District. As Assistant Principal, she holds policymaking authority for the School with respect to day-to-day enforcement of the Student Code of Conduct,

Student's Bill of Rights, and anti-bullying policies within the School district. As Assistant Principal, Ms. Dickerson has the ability and authority to take corrective action on behalf of the School to stop discrimination and harassment. Ms. Dickerson is a natural person and upon information and believe resides in the State of New York.

## JURISDICTION AND VENUE

27. This Court has jurisdiction over S.A.'s claims pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States. Jurisdiction is also proper over S.A.'s claims under 28 U.S.C. §§ 2201-2202 because S.A. seeks a declaration of his civil rights. This Court has supplemental jurisdiction over S.A.'s related state law claims under 29 U.S.C. § 1367(a) because those claims arise out of the same case or controversy as S.A.'s federal claims.

28. The United States District Court of the Eastern District of New York is the proper venue for this action under 28 U.S.C. § 1391(b) as S.A. and his mother reside within the County of Richmond and the Court's judicial district. A substantial part of the events or omissions giving rise to the claims occurred within the judicial district as well.

## ALLEGED BEHAVIOR

29. Plaintiff repeats and reiterates all stated above paragraphs 1-28.

30. On or about September 9, 2016 and continuing through October 7, 2016, the aggressing student at P.S. 177Q assaulted S.A. while S.A. was legally a passenger on a school bus.

31. That the Defendants violated the rights of the plaintiff as stated above.

32. That the defendants were negligent in the manner in which they cared for the plaintiff.

33. That Defendant's had a duty to keep Plaintiff's safe and ensure they weren't treated poorly. That the defendants negligently and carelessly breached that duty.

34. That as a result of the action of the Defendants, Plaintiff's were damaged in the amount of $1,000.000.00.

WHEREFORE, Plaintiff S.A., a minor child by his legal parent, Madeline Sandoval, hereby demands judgment against Defendants and requests the following injunctive and declaratory relief:

a)  The Court award reasonable attorney's fees, compensatory damages, all costs (including but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff; and

b)  That the Court award $1,500,000.00 plus interest and attorneys fees;

c)  That the Court award $1,500,000.00 in punitive damages for the reckless conduct of the defendant and such other and further relief as it deems necessary, just and proper.

Dated this 29th of November, 2017.

Respectfully submitted,

Lambros Y. Lambrou, Esq (LL6462)
THE LAMBROU LAW FIRM, P.C.
45 Broadway, Suite 3120
New York, NY 10006
(212) 285-2100
LL@LLLAWPC.COM